As to this point, the general rule is that the Court must declare the statute law as it is to be seen in acts and statutes yet extant. That law, however, is sometimes from necessity otherwise collected. It hath been said by very learned men that many parts of the common law were acts of Parliament worn out by time. 2 Wils., 248. The common law is preserved and evidenced by judicial proceedings. In the present case there are judicial proceedings which speak of an act of the Legislature that is not now extant, upon which the deed to Vassimore purports to be founded. The deeds of 1744 and 1764 prove Vassimore's having a corner and boundary line in this tract of land. This proves that for a long time after the date of Vassimore's deed the neighborhood recognized it as a valid transaction. All these circumstances, but particularly the proceedings of the court of orphans, seem to be enough to justify the conclusion that the act of Assembly spoken of in the proceedings of the orphans' court did once exist. But there is no absolute necessity for resting the cause upon this point, and as it is a new one, the Court (252) will not give a positive opinion upon it.
The defendant's counsel then made another objection, which was, that in 1771, and for a considerable time before, up to April, 1775, Cornell and Edwards had been in the actual possession of part of the land, namely that part adjoining the river and creek, claiming it as their own under a grant from the King. As to the upper part they had not been in possession, neither had the Finyaws any actual possession for fifty years back; therefore, as to the part held under the grant of 1774, Finyaw, the vendor, in 1791, at and previous to the time of his conveyance to the lessor of the plaintiff, had no other means of acquiring the possession but by a suit at law; he had not the actual possession, but only a right of entry; and that by the known rules of law he could not sell or convey to another. For this he cited 2 Bl. Com., 290; Co. Litt., 214 a, and the case of Few v. Alves, decided at Hillsboro last term. On the other side were cited Espinasse, 433, who cites Salk., 423.
Upon this point the Court were with the defendant, and so gave in charge to the jury. They found the defendant not guilty as to all the land comprised in Brice's deed to Vassimore, and guilty for the residue; and there was judgment accordingly.
See Strudwick v. Shaw, ante, 5; Park v. Cochran, ante, 178; Clark v.Arnold, 3 N.C. 287; Dennis v. Farr, 5 N.C. 138.
Cited: Bruce v. Faucett, 49 N.C. 393; Parker v. Banks, 79 N.C. 485;Weathersbee v. Goodwin, 175 N.C. 239. *Page 201